IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVIS E. TELFORD,<br><br>　　　　Petitioner,<br><br>v.<br><br>CLINT FRIEL,<br><br>　　　　Respondent. | Case No. 2:06-CV-253 TC<br><br>ORDER DISMISSING PETITION |

Mr. Travis E. Telford has filed a petition pursuant to 28 U.S.C. § 2254. He raises a number of grounds which, he contends, entitle him to relief. But because the court concludes that Mr. Telford's petition is time-barred, it does not reach the merits of his claims and dismisses his petition.

## FACTUAL AND PROCEDURAL HISTORY

The State of Utah charged Mr. Telford with one count of murder, a first degree felony. A jury found Mr. Telford guilty of the charge (including a firearm enhancement). The trial court sentenced Mr. Telford to a term of imprisonment of five years to life with a five year indeterminate firearm enhancement.

Mr. Telford filed a direct appeal and on June 26, 1997, the Utah Court of Appeals affirmed the conviction. State v. Telford, 940 P.2d 522 (Utah Ct. App.1997). Mr. Telford did not file a petition for a writ of certiorari to the Utah Supreme Court.

In February of 2000, Mr. Telford filed a state petition for post-conviction relief. The district court dismissed the petition and the Utah Court of Appeals, in an unpublished opinion, affirmed the dismissal, finding that Mr. Telford's counsel was not ineffective. Telford v. State,

No. 20010759-CA, 2002 WL 44179 (Utah Ct. App. Jan. 10, 2002). Mr. Telford filed this federal petition on March 27, 2006.

## ANALYSIS

Because Mr. Telford filed his federal petition on March 27, 2006, after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the Act, including the one-year limitation on filing petitions, apply. See 28 U.S.C. § 2244(d)(1).

The limitation period generally runs from the date on which the state judgment became final after direct appeal or after expiration of the time for filing an appeal. Id. The limitation period is tolled during the period a petitioner is seeking post-conviction review, but the filing of a state post-conviction petition cannot toll a limitation period that has already expired. Id.

Mr. Telford was convicted in 1995. His conviction was affirmed by the Utah Court of Appeals on June 26, 1997. Mr. Telford then had thirty days to seek certiorari review. See Utah R. of App. P. 48(a). But Mr. Telford did not file a petition for a writ of certiorari and his conviction became final on July 26, 1997, the expiration of the time for seeking certiorari review. Accordingly, unless the limitation period was tolled, the one-year limitation period imposed by the AEDPA ended in July 1998, almost seven years before Mr. Telford filed his federal petition.

The one-year limitation period may be tolled during the time a petitioner is pursuing state post-conviction relief. But tolling does not revive the federal limitation period, that is, it does not restart the federal clock at zero. See Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a petition for state post-conviction relief, even though properly filed, did not toll

the limitation period for a federal habeas petition because the one-year period had lapsed when the state petition was filed).  Accordingly, the one-year federal limitation period was not tolled during the time Mr. Telford sought state post-conviction relief.

Mr. Telford does not argue that equitable tolling is appropriate here.  And, in any event, it is clear that equitable tolling is not justified in this case.  The Tenth Circuit has made clear that equitable tolling is available only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation omitted).  The court noted that "equitable tolling should not be used to thwart the intention of Congress in establishing a statute of limitations for habeas claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).  The court explained that

> [e]quitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Simple excusable neglect is not sufficient.

Gibson, 232 F.3d at 808.

Mr. Telford waited more than seven years after his conviction became final to file his federal petition.  He cannot, therefore, demonstrate that he has diligently pursued his claims.  In addition, there is overwhelming evidence of his guilt in the record.

For example, Mr. Telford confessed his involvement in the murder to a police officer, giving a detailed description of the murder.  In addition, Mr. Telford's fingerprint was found at the scene of the murder.  Finally, Mr. Telford admitted in a letter, written from the jail, that he had destroyed the murder weapon.

For the above reasons, Mr. Telford's petition is DISMISSED

DATED this 18th day of September, 2006.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge